(No. 52685.—)
THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. RONALD JEROME WEATHINGTON, Appellee.

*Opinion filed October 17, 1980.*

William J. Scott, Attorney General, of Springfield, and Thomas J. Difanis, State's Attorney, of Urbana (Donald B. Mackay, Melbourne A. Noel, Jr., and Suzan Sutherland, of Chicago, Assistant Attorneys General, and Gary J. Anderson and Larry Wechter, of the State's Attorneys Appellate Service Commission, of Springfield, of counsel), for the People.

Daniel D. Yuhas, Deputy Defender, and David Bergschneider, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

The defendant, Ronald Jerome Weathington, was convicted of aggravated battery (Ill. Rev. Stat. 1977, ch. 38, par. 12—4) and restricting or obstructing a police officer (Ill. Rev. Stat. 1977, ch. 38, par. 31—1) by a jury in the circuit court of Champaign County. After a hearing on a post-trial motion, the trial court vacated the judgment as to the aggravated battery conviction and denied the motion to vacate the judgment of conviction for resisting or obstructing a police officer. The defendant appealed. The appellate court reversed the trial court as to the resisting or obstructing charge. (76 Ill. App. 3d 173.) The State appealed pursuant to Rule 315(a). 73 Ill. 2d R. 315(a).

On September 8, 1978, at approximately 8 a.m.,

Champaign police officers in an unmarked car were patrolling in the area of Champaign Centennial High School. They observed some students crouching in the north parking lot who appeared to be gambling with dice. The officers drove over to the students, stopped and asked the defendant if he had any dice. The defendant replied he did not. One of the officers searched the defendant and found the dice. Another officer began talking with the defendant and "poked" the defendant in the chest several times with his finger. The defendant attempted to push the officer's hand away and hit the officer's sleeve twice. The defendant was thereupon arrested for aggravated battery and transported to Champaign County jail.

At the jail, officer John Schuffert asked defendant for his name, address, birth date, birth place, social security number, occupation, and physical description. Initially, defendant refused to give any information to Schuffert, even though Schuffert asked for defendant's identification several times. Schuffert warned defendant that he was required by law to disclose the information, and after numerous requests, defendant gave his name, address, and date of birth. Defendant refused to disclose any further information. Defendant was then placed in a holding cell, and, after a few minutes, he agreed to provide the rest of the information.

Defendant testified that he refused to answer the remainder of Schuffert's questions until after he was placed in the holding cell. Defendant also indicated that he twice requested the use of the telephone to call his mother, but Schuffert would not allow defendant to do so until he answered all of Schuffert's questions. After defendant answered the booking questions, he was allowed to place a telephone call to his mother. The officer testified he did not recall whether the defendant had asked to make a telephone call.

On appeal to the appellate court the defendant argued

that the right to remain silent guaranteed by the United States and Illinois constitutions prohibits his prosecution for refusing to answer booking questions after arrest. The defendant also argued that his refusal to answer did not constitute the crime of resisting or obstructing a police officer. Section 31—1 provides:

> "A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer of any authorized act within his official capacity commits a Class A misdemeanor." (Ill. Rev. Stat. 1977, ch. 38, par. 31—1.)

The appellate court agreed that the defendant's conduct did not come within the elements of section 31—1. The court also stated that "[i] t would be incongruent to say that one may remain silent and yet must provide 'booking' information." 76 Ill. App. 3d 173, 177.

In *People v. Raby* (1968), 40 Ill. 2d 392, *cert. denied* (1969), 393 U.S. 1083, 21 L. Ed. 2d 776, 89 S. Ct. 867, we quoted with approval the following explanation of what constitutes a violation of section 31—1:

> "[T] he statutory terms [resisting or obstructing] 'convey commonly recognized meanings. "Resisting" or "resistance" means "withstanding the force or effect of" or the "exertion of oneself to counteract or defeat." "Obstruct" means "to be or come in the way of." *These terms are alike in that they imply some physical act or exertion. Given a reasonable and natural construction, these terms do not proscribe mere argument with a policeman about the validity of an arrest or other police action,* but proscribe only some physical act which imposes an obstacle which may impede, hinder, interrupt, prevent or delay the performance of the officer's duties, such as going limp, forcefully resisting arrest or physically aiding a third party to avoid arrest.' (280 F. Supp. at 959.) We agree with

these observations, and we hold that section 31—1 is neither vague nor overbroad." (Emphasis added.) *People v. Raby* (1968), 40 Ill. 2d 392, 398-99, quoting *Landry v. Daley* (N.D. Ill. 1968), 280 F. Supp. 938, 959.

In the instant case, the defendant twice asked the officer if he could call his mother. The officer insisted that the booking questions be answered first. The defendant answered three of the questions and then refused to answer any more. The officer then placed the defendant in a detaining cell until, a few minutes later, the defendant agreed to answer the remaining questions. At that time, the defendant was permitted to make a telephone call to his mother.

We think that in these circumstances, where the defendant merely argued with the officer as to when he would answer the booking questions and then, after an indefinite but certainly a brief time, did answer the questions, no offense took place. No physical act of resistance or obstruction occurred; merely argument coupled with eventual cooperation. The defendant is therefore not guilty of violating section 31—1. (*People v. Holdman* (1975), 73 Ill. 2d 213, 222; *People v. Raby* (1968), 40 Ill. 2d 392, 399, *cert. denied* (1969), 393 U.S. 1083; 21 L. Ed. 2d 776, 89 S. Ct. 867.) Because we decide that the defendant engaged in mere argument with the officer, we need not decide, as the State urges, whether an activity falling between mere argument and a physical act could constitute a violation of section 31—1. (See *People v. Gibbs* (1969), 115 Ill. App. 2d 113, 118.) Accordingly, for the reason stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*