**James VAN HOUTEN, Plaintiff,**

v.

**Tom BAUGHMAN, Defendant.**

No. 83–3145.

United States District Court,
C.D. Illinois,
Springfield Division.

June 30, 1987.

Grady E. Holley, Springfield, Ill., for plaintiff.

John H. Tielsch, Bloomington, Ill., for defendant.

## OPINION ORDER

MILLS, District Judge:

VanHouten brings a claim under 42 U.S.C. § 1983 alleging that Officer Baughman, while acting under color of state law, deprived him of his constitutional rights protected by the Fourth and Fourteenth Amendments.

We are here on the officer's motion for summary judgment.

Allowed in part and denied in part.

### I. Facts

The Court has gleaned the facts from the sworn deposition testimony of both parties to this action. The two versions of the incident conflict in some key portions. At these junctures, the Court must view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

Defendant, Tom Baughman, is and was at the time of the incident in question a police officer employed by the City of Springfield. He was acting under color of state law when the alleged deprivation of Plaintiff's constitutional rights occurred.

*See e.g., Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

During his patrol on July 10, 1981, Officer Baughman pulled over a vehicle driven by Kate Beasley and attempted to issue her a citation for running a red light. Plaintiff, James VanHouten, had observed the traffic stop and believed that Ms. Beasley had proceeded through a yellow rather than a red light. Seeking to intervene on her behalf, VanHouten pulled his vehicle in front of the area where Officer Baughman had stopped Ms. Beasley's auto. VanHouten then talked to Ms. Beasley and confirmed that she was receiving a citation for running a red light. VanHouten informed Officer Baughman that he witnessed the event and that she had not gone through a red light.

At this point, there are some discrepancies between the parties' description of the event. VanHouten's version reveals that at this time he was told by Baughman that "it is none of your damn business" and directed him to return to his car. Instead, VanHouten returned to Ms. Beasley's car to inquire about leaving his name and address. He then went back to the officer's car where he was again told to leave the scene and threatened with arrest if he failed to do so. VanHouten then went to his car. When he began to write down a description of Ms. Beasley's car, Officer Baughman came over to his car and asked if he was attempting to interfere with the arrest. VanHouten replied that he was not, whereupon Officer Baughman asked him to leave. VanHouten requested Officer Baughman's name. Officer Baughman pointed to his badge and VanHouten read it. Officer Baughman started back toward his car, but then returned to VanHouten's auto, asked him to get out, and placed him under arrest for interfering with a police officer. VanHouten was handcuffed by Officer Baughman and taken to the police station by another officer who was called as a backup. VanHouten stated that he believed the handcuffs were placed on too tightly but did not complain at the time. VanHouten exhibited no physical force against Baughman, nor was there any verbal abuse directed toward the officer.

Officer Baughman's story is essentially the same except for two key points. Although not entirely clear from Officer Baughman's deposition, it appears that at the time just prior to the arrest, VanHouten voluntarily got out of his car. On the other hand, VanHouten maintains that he was ordered out of his car and then arrested. Officer Baughman also claims, contrary to VanHouten's version, that VanHouten "got irate and got right up in my face" in the course of their discussion.

## II. Summary Judgment Standard

Under Rule 56(c), summary judgment should enter "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no *genuine* issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Unquestionably, in determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). Nevertheless, the rule is also well established that the mere existence of *some* factual dispute will not frustrate an otherwise proper summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Thus, the "preliminary question for the judge [is] not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed." *Id.* at 2511, *quoting Improvement Co. v. Munson,* 14 Wall. 442, 448, 20 L.Ed. 867 (1872); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In other words, the Court must consider the evidence "through the prism of the substantive evidentiary burden" in deciding Defendants' motion. *Anderson,* 106 S.Ct. at 2513; *Carson v. Allied News Co.,* 529 F.2d 206, 210 (7th Cir.1976). Applying this standard, the Court now turns to the case at bar.

### III. Law and Analysis

#### A.

The motion for summary judgment concerns two counts brought under 42 U.S.C. § 1983. One count alleges that Plaintiff was wrongfully arrested in violation of the Fourth Amendment as applied to the states through the Due Process Clause of the Fourteenth Amendment. The Fourth Amendment violation is premised on the allegation that Defendant arrested Plaintiff without probable cause.

The second count is a so-called "excessive force" claim which can alternatively sound under two separate theories. One alternative is to treat the allegation as a violation of the Fourth Amendment as applied to the states through the Fourteenth Amendment. Under this approach, the question is whether the arrest was reasonable within the dictates of the Fourth Amendment. A second theory would have us analyze the claim as a direct violation of a substantive right protected by the Due Process Clause of the Fourteenth Amendment. This theory asks the question of whether there was a deprivation of liberty without due process in violation of the Fourteenth Amendment. Both have support in case law. *Compare Tennessee v. Garner,* 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985) (analyzed as a Fourth Amendment claim) *with Gumz v. Morrissette,* 772 F.2d 1395 (7th Cir.1985) (analyzed as a substantive due process claim).

The majority opinion in *Gumz* intimates that the two excessive force theories are not mutually exclusive, but that their application to a particular case may be dependent on how the litigants plead and argue the case. *Gumz,* 772 F.2d at 1399–1400 n. 3. The doctrinal instability in this area of the law creates a dilemma for both district courts and the litigants before it. While the litigants are certainly entitled to frame the issues as they see fit, the question here seems to be one of proper constitutional analysis rather than of choosing between litigation strategies. We believe it would be preferrable to proceed to analyze what are generically termed "excessive force" claims under a consistent constitutional doctrine.

Indeed, this setting may present two separate causes of action, one under the Fourth Amendment and another under the Fourteenth, but at the present stage we feel the law is murky on this point.[1] For a district court attempting to choose between the two, the difference is "subtle but important." *Gumz,* 772 F.2d at 1404 (Easterbrook, J., concurring).

Nevertheless, the excessive force allegation in this case has been pled and argued solely as a substantive due process claim. Thus, we will utilize the analysis detailed in the majority opinion in *Gumz* to decide whether summary judgment is proper on this count. With these preliminaries out of the way, however, we must first examine whether summary judgment on the Fourth Amendment claim alleging lack of probable cause is warranted.

#### B.

The Fourth Amendment claim raises two questions. *One,* did Officer Baughman have probable cause to arrest VanHouten for a violation of Ill.Rev.Stat. ch. 38, ¶ 31–1 (1985)? *Two,* is Officer Baughman entitled to immunity because of his reasonable good faith belief that probable cause existed?

##### (1) Probable Cause

Whether probable causes exists in a particular case is a fact dependent inquiry. The test is an objective one and depends upon whether "the facts and circumstances within [the arresting officer's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant

---

1. Recently, the Seventh Circuit has offered another possible distinction between the two analyses of excessive force claims. The distinction concerns the difference between the propriety of the arrest (clearly a Fourth Amendment claim) and the manner of effectuating the arrest (possibly a due process claim). *Patton v. Przy-bylski,* 822 F.2d 697, 699 (7th Cir.1987). This case, however, already contains a count involving the propriety of the arrest under the Fourth Amendment. The question could still remain whether there exists an additional Fourth Amendment claim. *See, e.g., Marketplace Restaurant,* 754 F.2d at 1346.

a prudent man in believing that the petitioner had committed or was committing an offense." *Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1345 (7th Cir. 1985), *quoting Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). The operative question is whether the officer's actions were unreasonable under the circumstances. *BeVier v. Hucal*, 806 F.2d 123, 126 (7th Cir.1986). Also plugged into the equation is a consideration of possible exigent circumstances which would justify quick action on the part of the police officer. *BeVier*, 806 F.2d at 127. Generally when misdemeanor offenses are involved, there is no exigency. *Reardon v. Wroan*, 811 F.2d 1025, 1028 (7th Cir.1987).

Here, Plaintiff was arrested for a violation of Ill.Rev.Stat. ch. 38, ¶ 31–1 (1985) which states:

A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer of any authorized act within his official capacity commits a Class A misdemeanor.

The Supreme Court of Illinois has had occasion to interpret the above-cited statute and has discussed what type of conduct will violate it. This, of course, impacts on whether Officer Baughman had a reasonable belief that Plaintiff had committed or was committing the offense, and consequently whether he had probable cause to arrest Plaintiff.

The Supreme Court of Illinois has construed the statutory terms "resists or obstructs" to require some type of physical act on the part of the person charged as a necessary element of the crime. *People v. Raby*, 40 Ill.2d 392, 399, 240 N.E.2d 595 (1968). The Court has also made it clear that mere argument with a police officer does not violate the statute, although there may be a line between argument and a physical act which would violate the statute. *People v. Weathington*, 82 Ill.2d 183, 187, 411 N.E.2d 862, 44 Ill.Dec. 496 (1980).

Accepting the facts and reasonable inferences drawn from them in the light most favorable to the nonmoving party, we conclude that Plaintiff's conduct could be considered as mere argument and not violative of the law. Plaintiff's deposition indicates no physical obstruction on his part and that he was leaving the scene as instructed by the officer when arrested. If true, a jury could find that no probable cause existed for the arrest. In addition, the record reveals no exigent circumstances that would justify quick action on the part of the officer. There is no indication in the record that Plaintiff posed any danger to the community. Also, the arrest was for a misdemeanor crime.

■ The Seventh Circuit has noted that "courts are generally hesitant to grant summary judgment in § 1983 actions which raise the issue of probable cause." *Reardon*, 811 F.2d at 1027. The reason for the reluctance is that probable cause depends on the reasonableness of the officer's conduct, which is "a classic jury issue." *Id.* *quoting Llaguno v. Mingey*, 763 F.2d 1560, 1565 (7th Cir.1985). Here, the resolution of the case may indeed turn on which version of the story the jury believes. Therefore, we hold that Defendant has failed to meet his burden of establishing the lack of a genuine issue of material fact and summary judgment is denied on this count.

#### (2) Immunity

Defendant asserts that even if no probable cause existed, he is entitled to qualified immunity. He is, if "officers of reasonable competence could disagree" on whether the arrest was reasonable. *Malley v. Briggs*, 475 U.S. 335, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986); *see also Bailey v. Andrews*, 811 F.2d 366, 370 (7th Cir.1987); *BeVier*, 806 F.2d at 128.

■ Because this case is before us in the posture of Defendant's motion for summary judgment, we find that it is inappropriate to grant immunity to Defendant at this time. As we pointed out in our discussion of the probable cause issue, viewing the facts most favorable to the Plaintiff, the conduct of Plaintiff can be seen as mere argument with Officer Baughman coupled with eventual cooperation. If this is the case, Defendant would clearly not have probable cause to arrest. And, there is a

clear statement of Illinois law on point. *Weathington,* 82 Ill.2d at 187, 411 N.E.2d 862, 44 Ill.Dec. 496. Any gap left in the law · does not necessarily apply to these facts when they are viewed most favorably to the Plaintiff. Hence, we cannot say that Defendant is entitled to immunity as a matter of law. *See, e.g., Reardon,* 811 F.2d at 1030.

Finally, although we need not decide the question at this stage, this may be a case where the jury's decision on the issue of probable cause automatically resolves the issue of immunity. *Marketplace Restaurant,* 754 F.2d at 1358 (Posner, J., concurring). However, there is some disagreement on whether an additional instruction on immunity should be given. *Id.* at 1348 (majority opinion of Coffey, J.).

Nevertheless, the granting of immunity at this time is not proper.

### C.

This brings us to the question of the excessive force count. Earlier in the opinion, we noted the discrepancies in the analysis of excessive force claims. However, since the claim was argued strictly as a substantive due process claim, we approach it from that angle.

In *Gumz v. Morrissette,* the Court of Appeals held that the use of excessive force is actionable as a deprivation of liberty without due process only when the conduct of the police during the arrest "[is] so egregious or intolerable as to shock the conscience of the court." 772 F.2d at 1400.

To aid the Court in its determination of whether the conduct shocks its conscience, *Gumz* developed a three part test. *Gumz* held that excessive force violates the Fourteenth Amendment if it "(1) caused severe injuries, (2) was grossly disproportionate to the need for action under the circumstances, and (3) was inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience." The Court analyzed these factors as necessary rather than sufficient conditions. *Id.* *See also de La Paz v. Danzl,* 646 F.Supp. 914, 920 (N.D.Ill.1986).

We do not believe the record read in light most favorable to the Plaintiff reveals that he suffered severe injuries as required by *Gumz.* The most that can be said is that he experienced some pain in his wrist as a result of the handcuffing. He still complains of occasional numbness in one of his hands. We do not believe this rises to the level of severity as to shock the conscience of the Court. Because Plaintiff cannot meet this test as a matter of law, Defendant is entitled to summary judgment on the count alleging excessive force in violation of the Fourteenth Amendment.

### Conclusion

*Ergo,* Defendant's motion for summary judgment on the count of the complaint alleging an unlawful arrest in violation of the Fourth Amendment is DENIED. The motion for summary judgment on the count of the complaint alleging excessive force in violation of the Fourteenth Amendment is ALLOWED.

IT IS SO ORDERED.