THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN J. REMIAS, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WALTER L. DOOLITTLE, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TODD ODELL JOHNSON, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL JAMES LEVAN, Defendant-Appellant.

Third District   Nos. 3—87—0346, 3—87—0373, 3—87—0374, 3—87—0405 cons.

Opinion filed May 19, 1988.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellants.

John A. Barra, State's Attorney, of Peoria (Rita Kennedy Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

The defendants in the four consolidated appeals, John J. Remias, Walter L. Doolittle, Todd Odell Johnson, and Michael Levan, each appeal from convictions of attempt (obstruction of justice) (Ill. Rev. Stat. 1985, ch. 38, pars. 8—4, 31—4(a)). We affirm.

The instant facts are undisputed. Each defendant was stopped for a traffic offense and thereafter questioned as to his identity. Each defendant responded to the questioning police officer by giving a false name. Each was convicted of attempt (obstructing justice) for having offered a false name. On appeal, each argues that his attempt conviction should be reversed.

The defendants offer three bases for their appeals. First, the defendants argue that furnishing a false name is not a physical act and that a physical act is required to violate the obstructing justice statute. They each cite case authority which holds that furnishing a false name does not constitute the Illinois offense of obstructing a peace officer. (Ill. Rev. Stat. 1985, ch. 38, par. 31—1; see *People v. Weathington* (1980), 82 Ill. 2d 183, 411 N.E.2d 862.) Additionally, defendant Doolittle also presents authority which suggests that furnishing a false name does not constitute the New York offense of obstructing governmental administration. (*E.g., People v. Ketter* (1974), 76 Misc. 2d 698, 351 N.Y.S.2d 579.) We find the argument to be without merit.

The instant defendants were convicted of attempted violation of the prohibition against obstructing justice under section 31—4(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 31—4(a)). Section 31—4(a) prohibits, *inter alia*, knowingly furnishing false information with intent either to prevent the apprehension of or to obstruct the prosecution of any person. The defendants offer no specific argument analogizing section 31—4(a) to the statutes underlying their cited authority. We draw no such analogy.

In contrast with the instant offense of obstructing justice, neither the Illinois offense of obstructing a peace officer nor the New York

offense of obstructing governmental administration specifically prohibits furnishing false information. The Illinois obstructing a peace officer offense requires, rather, that one knowingly resist or obstruct any authorized act within the official capacity of a person whom the offender knows to be a peace officer. The New York obstructing governmental administration statute prohibits preventing a public servant from performing an official function either by intimidation, physical force or interference, or by any independently unlawful act. That courts have found violation of those statutes to require a physical act does not control this case.

■ Another of the defendants' bases for appeal is their argument that it is against public policy for the providing of false information to a police officer to constitute a crime. According to the defendants, one who initially tells the police a falsehood should not be discouraged from later coming forward with the truth; he will be so discouraged if his initial lie was a crime.

The State argues, and we agree, that this argument is without merit. We agree with the State that the obstructing justice statute has laudable purposes of promoting honesty and citizen involvement in crime solving. We observe, as the State suggests, that a criminal statute which prohibits giving a false name to a police officer is more likely to encourage honest responses from the outset of police questioning than it is to discourage eventual retractions of initial dishonesty.

■ As their third basis for appeal, the defendants argue that their convictions should be reversed under the authority of *People v. Brooks* (1977), 51 Ill. App. 3d 800, 367 N.E.2d 236. The *Brooks* court held that within the narrow circumstances of that case, the *Brooks* defendants' false exculpatory denials to police questioning did not violate the obstruction of justice statute. Although the defendants correctly observe that there is a lack of reported cases affirming attempt (obstructing justice) convictions for providing a false name, we agree with the State that *Brooks* does not support a reversal.

*Brooks*, by its own explicit restriction, is limited by the narrow circumstances in that case. In *Brooks*, unlike in the instant case, the police questioning at issue followed the filing of formal charges against the defendants. Furthermore, as the State observes, the *Brooks* defendants, unlike the instant defendants, were being questioned about their involvement in an established offense, not merely being asked for identifying information such as their names. We disagree with the defendants' unsupported assertion that by offering their correct names, they effectively confessed guilt. *Brooks* does not

control under the instant circumstances. See also *People v. Toolen* (1983), 116 Ill. App. 3d 632, 451 N.E.2d 1364.

Based on the foregoing, the judgments of the circuit court of Peoria County are affirmed.

Affirmed.

STOUDER and WOMBACHER, JJ., concur.