# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Fernandez*, 2011 IL App (2d) 100473

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANGEL FERNANDEZ, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-10-0473 |
| Rule 23 Order filed<br>Rule 23 Order<br>withdrawn<br>Opinion filed | October 26, 2011<br><br>December 28, 2011<br>December 28, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | A conviction on a count alleging resisting or obstructing a peace officer by defendant's refusal to give a police officer his name or identification was reversed, since the refusal to provide one's name or other identifying information is akin to "mere argument" and will not support a conviction for resisting or obstructing a peace officer. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 09-CM-1199; the Hon. M. Karen Simpson, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part. |

| Counsel on Appeal | Thomas A. Lilien and Jack Hildebrand, both of State Appellate Defender's Office, of Elgin, for appellant. |
| | |
| | Joseph H. McMahon, State's Attorney, of St. Charles (Lawrence M. Bauer and Victoria E. Jozef, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

| Panel | JUSTICE HUTCHINSON delivered the judgment of the court, with opinion. |
| | Justices Burke and Schostok concurred in the judgment and opinion. |

**OPINION**

¶ 1 Following a bench trial, defendant, Angel Fernandez, was convicted of two counts of resisting or obstructing a peace officer (720 ILCS 5/31-1(a) (West 2008)). The trial court sentenced him to concurrent terms of 273 days in jail. Defendant appeals, contending that one of the convictions should be reversed because his mere failure to provide the police with his name cannot be the basis of an obstruction conviction. We affirm in part and reverse in part.

¶ 2 Pursuant to a bystander's report of defendant's trial, the record reflects that on February 21, 2009, Carpentersville police received a report that a man refused to leave a movie theater. Officers Acevedo and Drews responded and found defendant standing outside the theater. He was visibly intoxicated and smelled of alcohol. When asked for his name, defendant refused to provide it.

¶ 3 Acevedo informed defendant that he was under arrest and instructed him to place his hands on the squad car. He started to comply, but then pushed away from the car and began flailing his arms. Despite being told to stop, defendant continued pulling away from the officers. The officers finally succeeded in getting defendant into the car.

¶ 4 Defendant was charged in a two-count complaint. Count I charged him with obstructing Acevedo "in that he refused to identify himself (name and date of birth) and failed to provide any kind of identification to [O]fficer Acevedo." Count II charged him with resisting his arrest. The trial court found defendant guilty of both charges and imposed concurrent sentences of 273 days in jail, which consisted of the time defendant had already served. Defendant timely appealed.

¶ 5 Defendant does not challenge his conviction on count II for resisting his arrest. However, he contends that his conviction on count I cannot stand because the State failed to prove him guilty of obstructing a peace officer. Defendant does not dispute the circumstances leading

to his arrest, but argues that, because he was not legally required to identify himself to Acevedo or produce an identification card, he did not obstruct Acevedo from performing his duties. "Because the facts are not in dispute, defendant's guilt is a question of law, which we review *de novo*." *People v. Smith*, 191 Ill. 2d 408, 411 (2000) (applying *de novo* review to the issue of whether the defendant committed the offense of armed violence, because the facts were not in dispute).

¶ 6         In *People v. Raby*, 40 Ill. 2d 392, 399 (1968), the supreme court held that the obstruction statute does "not proscribe mere argument with a policeman." Since then, the great weight of authority holds that refusing to provide one's name or other identifying information is akin to "mere argument" and will not support a conviction of obstruction.

¶ 7         Defendant cites *People v. Weathington*, 76 Ill. App. 3d 173 (1979). There, the court held that it was not a crime to refuse to provide booking information. *Id.* at 177. The supreme court affirmed, holding that "where the defendant merely argued with the officer as to when he would answer the booking questions and then, after an indefinite but certainly a brief time, did answer the questions, no offense took place." *People v. Weathington*, 82 Ill. 2d 183, 187 (1980). Arguably, the supreme court's affirmance narrowed the appellate court's holding somewhat. The supreme court seems to have held only that a delay in providing the information is tantamount to argument with the police. The court did not consider whether the complete refusal to answer would be criminal.

¶ 8         Later cases, however, have almost uniformly held that an initial failure to provide basic identifying information is not criminal. See *People v. Ramirez*, 151 Ill. App. 3d 731 (1986) (defendant not guilty of obstruction for giving police a false name); *People v. Hilgenberg*, 223 Ill. App. 3d 286, 289 (1991) (defendants' refusal to open door for police officer was not obstruction; "Mere refusal to answer a police officer, in the absence of a physical act, may be deemed tantamount to argument which is not a violation of the statute."); *Williams v. Jaglowski*, 269 F.3d 778, 782-83 (7th Cir. 2001) (civil rights plaintiff's refusal to give officers identifying information such as date of birth did not give officers probable cause to arrest her for obstruction). These cases establish that one cannot be convicted of obstruction merely for refusing to identify oneself. Here, the only basis for defendant's conviction on count I was that he obstructed Acevedo by refusing to identify himself and provide identification. As a result, his conviction on that count cannot stand.

¶ 9         In arguing for affirmance, the State relies primarily on *Migliore v. County of Winnebago*, 24 Ill. App. 3d 799 (1974). There, the plaintiff refused to provide his name to officers attempting to serve him with a subpoena, and he was subsequently arrested. He later sued the county, alleging that he was falsely arrested because he had no duty to give the police his name. A jury found for the county, and the plaintiff appealed. This court affirmed, holding that the police had probable cause to believe that the plaintiff had committed a crime; at the very least, the officers' conduct was not willful and wanton, which plaintiff had to prove because the tort immunity statute (Ill. Rev. Stat. 1971, ch. 85, ¶ 2-202) immunized the county for all but willful and wanton conduct.

¶ 10        Migliore has been distinguished by many of the above cases in that it involved "concerns unique to the service of process context" (*Williams*, 269 F.3d at 782). Moreover, the opinion

does not hold that the plaintiff could properly have been convicted of obstruction, merely that it was not willful and wanton conduct for the officers to believe he was obstructing.

¶ 11 The State also cites section 107-14 of the Code of Criminal Procedure of 1963, which provides that an officer who makes a *Terry* stop may "demand the name and address of the person and an explanation of his actions." 725 ILCS 5/107-14 (West 2008). Although the State does not completely develop the argument, it seems to suggest that it is incongruous to hold that the police have a right to demand a suspect's name but that the suspect has no corresponding duty to answer. However, although the argument has some superficial appeal, we note that section 107-14 is found in the Code of Criminal Procedure of 1963, not the Criminal Code of 1961, and governs the conduct of police officers. The fact remains that there is no corresponding duty in the Criminal Code of 1961 for a suspect to identify himself or herself.

¶ 12 By contrast, in *Hiibel v. Sixth Judicial District Court of Nevada*, 542 U.S. 177, 181 (2004), which defendant discusses, a Nevada statute (Nev. Rev. Stat. § 171.123 (2003)) specifically required that a person subjected to a *Terry* stop "shall identify himself." The Supreme Court held that the statute was constitutional. The Illinois statute does not specifically require a suspect to identify himself or herself.

¶ 13 Because defendant could not be convicted of obstruction for merely refusing to identify himself and refusing to provide identification, we reverse his conviction on count I of the complaint. As defendant does not challenge his conviction on count II, we affirm it.

¶ 14 Affirmed in part and reversed in part.