# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Nasolo*, 2012 IL App (2d) 101059

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KHADIJAH S. NASOLO, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-10-1059 |
| Filed<br>Modified upon denial<br>of rehearing | March 28, 2012<br><br>April 23, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's convictions for two counts of resisting or obstructing a peace officer were upheld over her contention that there was no evidence she committed a physical act of resistance as to the second count, but her fines were reduced to reflect the correct calculation of the Violent Crime Victims Assistance Fund and a $5 credit against the mental-health-court fine for the one day she was in custody before trial. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 10-CM-2290; the Hon. George D. Strickland, Judge, presiding. |
| Judgment | Affirmed as modified. |

| | |
|---|---|
| Counsel on Appeal | Thomas A. Lilien and Christopher McCoy, both of State Appellate Defender's Office, of Elgin, for appellant. |
| | |
| | Michael J. Waller, State's Attorney, of Waukegan (Lawrence M. Bauer and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | PRESIDING JUSTICE JORGENSEN delivered the judgment of the court, with opinion.<br>Justices Zenoff and Hudson concurred in the judgment and opinion. |

## OPINION

¶ 1    Following a bench trial, defendant, Khadijah S. Nasolo, was convicted of two counts of resisting or obstructing a peace officer (720 ILCS 5/31-1(a) (West 2010)). She appeals, contending that one of the convictions should be reversed because the State presented no evidence that she committed a physical act of resistance. She further contends that her fines should be reduced. We affirm as modified.

¶ 2    Defendant was charged with two counts of resisting following an incident on May 15, 2010. The first count alleged that defendant "pulled away from Officer Travis Dragicevich as he took her into custody." The second count alleged that she obstructed the booking process in that she "refused to be fingerprinted or photographed."

¶ 3    At trial, Officer Robert Wagner testified that he received a report that a woman was sleeping at the Highland Park fire station. He went there and found defendant in the vestibule area. She appeared to be intoxicated. Dragicevich arrived at the fire station. Dragicevich checked his computer and found that defendant had an outstanding warrant.

¶ 4    Dragicevich testified that he attempted to place defendant under arrest. Defendant insisted that she did not have a warrant and refused to place her hands behind her back. She pulled away as the officers grabbed her arms. Even after the officers handcuffed her, defendant continued "twisting around." They eventually took her to the ground and Dragicevich was able to get her into his squad car.

¶ 5    At the police station, Dragicevich began the booking paperwork. He got much of the needed information from defendant's driver's license, but needed additional information. Defendant refused to give it to him. He asked defendant to be fingerprinted and "she refused." He also asked her to be photographed and "she refused." The jury found defendant guilty of both counts of resisting, and the trial court sentenced her to one year of conditional discharge. In addition, defendant was assessed, among other charges, a $10 mental-health-

court fine and a $40 Violent Crime Victims Assistance Fund fine. Defendant timely appeals.

¶ 6    Defendant does not challenge her conviction on the first count, which alleged that she physically resisted being arrested. She contends, however, that the conviction on the second count cannot stand because the State presented no evidence of a physical act of resistance.

¶ 7    When a defendant challenges on appeal the sufficiency of the evidence, we ask only whether, after viewing all the evidence in the light most favorable to the prosecution, a rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). As a reviewing court, we may not substitute our judgment for that of the trier of fact on questions involving the weight of the evidence, the witnesses' credibility, or the resolution of conflicting testimony. *People v. Jackson*, 232 Ill. 2d 246, 280-81 (2009).

¶ 8    Defendant contends that her refusal to be fingerprinted or photographed amounted to "mere argument," rather than a physical act. In *People v. Raby*, 40 Ill. 2d 392 (1968), the supreme court, in rejecting the defendant's contention that section 31-1 of the Criminal Code of 1961 (now 720 ILCS 5/31-1 (West 2010)) was vague and overbroad, held that resisting required "some physical act" that impeded or hindered an officer's duties; "mere argument" with the police was insufficient. (Internal quotation marks omitted.) *Id.* at 399. In *People v. Weathington*, 82 Ill. 2d 183, 185-86 (1980), the court held that a defendant who refused to answer routine booking questions could not be convicted of obstructing.

¶ 9    This court recently followed *Weathington*, holding that a defendant who refused to give officers his name could not be charged with obstructing. *People v. Fernandez*, 2011 IL App (2d) 100473. In *Fernandez*, the defendant refused to leave a movie theater. Police officers were called to the scene and asked the defendant his name. He refused to answer and was charged with obstructing a police officer. In reversing, this court noted that there is no obligation to answer the questions of a police officer in the context of a *Terry* stop and held that the defendant's refusal to answer the questions could not support a conviction of obstructing. We do not disagree with this conclusion.

¶ 10    In contrast, here, the refusal to comply was not in the context of a *Terry* stop. Rather, defendant's refusal to be photographed or fingerprinted was in the course of booking procedures. In *Weathington*, the court instructed that, during a booking procedure, when a defendant initially refuses to answer questions for a brief time and then complies, the refusal can be considered mere argument and, thus, no offense is committed. *Weathington*, 82 Ill. 2d at 185-86. However, *Weathington* did not consider the consequence of a complete refusal, as presented here.

¶ 11    Recently, the supreme court observed that *Raby* was concerned primarily with constitutional considerations and that "criminalizing verbal conduct may run afoul of free speech and other constitutionally protected conduct." *People v. Baskerville*, 2012 IL 111056, ¶ 20. According to the court, focusing solely on whether conduct is "active" or "passive" is overly simplistic. Rather, the focus should be on whether the defendant actually obstructed the officers in performing their duties. *Id.* ¶ 23. "Although a person may commit obstruction of a peace officer by means of a physical act, this type of conduct is neither an essential element of nor the exclusive means of committing an obstruction." *Id.*

¶ 12 This court has previously recognized that "passive" conduct that obstructs the police can amount to resistance. In *People v. Synnott*, 349 Ill. App. 3d 223, 228 (2004), the defendant repeatedly refused an officer's order to exit his vehicle. In *People v. Ostrowski*, 394 Ill. App. 3d 82, 88 (2009), the defendant was " 'flinching' " and "pulling away" from officers for several seconds as they attempted to handcuff him. These cases make clear that the focus is on whether the officers were actually obstructed, not on an artificial distinction concerning whether the defendant committed a "physical act."

¶ 13 Here, it is clear that defendant actually obstructed the officers, regardless of whether she can be said to have committed a physical act. It is clear that Dragicevich was actually impeded from completing the booking process due to defendant's refusal to be fingerprinted or photographed. In *Weathington*, on which defendant primarily relies, the court noted that the defendant eventually answered the booking questions and it held that where the defendant, "after an indefinite but certainly a brief time, did answer the questions, no offense took place." *Weathington*, 82 Ill. 2d at 187. Here, there was more than a brief delay; defendant completely refused to be either fingerprinted or photographed. This clearly obstructed the officers in completing the booking process.

¶ 14 Defendant further contends that her fines must be reduced, a contention with which the State agrees. As part of defendant's sentence, she was assessed a $10 mental-health-court fine and a $40 Violent Crime Victims Assistance Fund fine. Defendant contends, and the State agrees, that the crime-victims fine must be reduced to $16 and the mental-health-court fine reduced to $5. We agree with the parties.

¶ 15 The propriety of the fines is a matter of statutory construction that we review *de novo*. *People v. Price*, 375 Ill. App. 3d 684, 697 (2007). The statute authorizing the Violent Crime Victims Assistance Fund fine provides that the court shall collect from a convicted defendant "an additional penalty of $4 for each $40, or fraction thereof, of fine imposed." 725 ILCS 240/10(b) (West 2010). Here, defendant was assessed $150 in other fines. The $150 can be divided into three $40 segments, plus an additional $30. Thus, we reduce the crime-victims fine to $16.

¶ 16 Defendant was also assessed a $10 fine for the mental-health court. Defendant argues that she is entitled to a $5 credit toward that fine because she spent part of a day in custody before trial. A defendant incarcerated on a bailable offense is entitled to a $5 credit against certain fines for each day that he or she was incarcerated before sentencing. 725 ILCS 5/110-14(a) (West 2010). Here, there is no dispute that defendant was jailed for at least part of one day and is thus entitled to a $5 credit. Accordingly, we modify the judgment to reduce defendant's mental-health-court fine by a $5 credit.

¶ 17 The judgment of the circuit court of Lake County is affirmed as modified.

¶ 18 Affirmed as modified.