THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM K. KELLEY, Defendant-Appellee.

Fourth District   No. 17229

Opinion filed February 25, 1982.

Ronald C. Dozier, State's Attorney, of Bloomington (Robert J. Biderman and James K. Horstman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Yoder, Yoder, Zanoni, Flynn, Prall & Willard, of Bloomington (Michael J. Flynn, of counsel), for appellee.

JUSTICE LONDRIGAN delivered the opinion of the court:

The State is appealing the trial court's suppression of evidence. Without an arrest or a search warrant and without consent, two deputy sheriffs entered the defendant's apartment and seized 28.7 grams of marijuana, a hash pipe, and a small tray; the next day a complaint was filed charging the defendant with possession of marijuana. The trial court granted the defendant's motion to suppress the evidence, and we affirm.

The facts here are not in dispute. On December 21, 1980, two McLean County deputies, Fillmore and Karl, went to a duplex in Bloomington to serve an arrest warrant. Karl went to the back of the building to prevent anyone from trying to flee, and Fillmore stayed at the front; he knocked first on the left-hand door, which no one answered, and then on the right-hand door, where he heard music. The defendant answered, opening the inside door and holding the storm door open six to eight inches, according to him, or one to two feet, according to Fillmore. Fillmore and the defendant soon established that the defendant was not the man named in the warrant; Fillmore called Karl back to the front of the house. Fillmore then told the defendant that he smelled marijuana; the defendant did not respond. Fillmore asked permission to enter the apartment, but the defendant refused. At that point Fillmore believed that a crime was being committed, and he explained at the hearing that an immediate intrusion was necessary because waiting for a warrant would have given the defendant time to remove the evidence. Fillmore had obtained one warrant before, and that had taken four hours.

After the defendant refused to allow the deputies inside, they entered the apartment, walking through a small foyer and into the living room, where they saw a hash pipe on a table. Fillmore smelled marijuana and a haze hung in the air. The defendant did not appear to Fillmore to be high.

The defendant was not under arrest when the deputies entered his home.

Ron Dozier, McLean County State's Attorney, testified for the State on the steps necessary for obtaining a search warrant. The search here

occurred on a Sunday morning; Dozier explained that securing a warrant on a Sunday morning is sometimes time-consuming.

The State argues that circumstances were sufficiently exigent to justify the warrantless, nonconsensual entry of the defendant's apartment and applies to the facts here the analysis used in *People v. Abney* (1980), 81 Ill. 2d 159, 407 N.E.2d 543. In *Abney* police officers entered a home without warrants or consent to arrest the defendant; inside they saw incriminating evidence, a bullet, in plain view. The supreme court held that the intrusion was justified and the bullet therefore admissible:

> "Exigent circumstances here present militated against delay and justified the officers' decision to proceed without a warrant. Additional factors also indicated that the officers acted in a reasonable fashion. 81 Ill. 2d 159, 168-69, 407 N.E.2d 543, 547.

The three exigent circumstances were (1) the need for the taking of prompt action by the officers, (2) the absence of "deliberate or unjustified delay by the officers during which time a warrant could have been obtained," and (3) the officers' knowledge that the suspect was armed and dangerous. (81 Ill. 2d 159, 169-71, 407 N.E.2d 543, 548.) *Abney* also found that "[i]n addition to the exigent circumstances set forth above, other factors were present which suggest that the officers acted reasonably." (81 Ill. 2d 159, 171, 407 N.E.2d 543, 549.) The four additional facts were that the police acted on " 'a clear showing of probable cause,' " that the defendant had been "clearly identified as the assailant" by the victim of the offense, that the police had "strong reason to believe" that the defendant was inside his apartment, and that the officers' entry was peaceful rather than forcible. (81 Ill. 2d 159, 171-73, 407 N.E.2d 543, 549.) The State here construes these four items as exigent circumstances, but the language used by the court in *Abney* suggests that the second group of facts are not exigent circumstances and not part of the analysis of the emergency (see *People v. Hart* (1980), 88 Ill. App. 3d 484, 410 N.E.2d 633; *People v. Wilson* (1980), 86 Ill. App. 3d 637, 408 N.E.2d 988; but see *People v. Rembert* (1980), 89 Ill. App. 3d 371, 411 N.E.2d 996).

■■ Standing outside the defendant's apartment the deputies were able to smell marijuana smoke; this supplied them with probable cause to believe that marijuana was in fact present in the apartment (see *People v. Campbell* (1977), 67 Ill. 2d 308, 367 N.E.2d 949). Yet as Justice Harlan wrote in *Jones v. United States* (1958), 357 U.S. 493, 497-98, 2 L. Ed. 2d 1514, 1518-19, 78 S. Ct. 1253, 1256-57:

> "It is settled doctrine that probable cause for belief that certain articles subject to seizure are in a dwelling cannot of itself justify a search without a warrant. [Citations.] * * * Were federal officers free to search without a warrant merely upon probable cause to

54

believe that certain articles were within a home, the provisions of the Fourth Amendment would become empty phrases, and the protection it affords largely nullified."

See also *Payton v. New York* (1980), 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371; *Abney.*

The State argues that most of the facts mentioned in *Abney* were present here and that therefore exigent circumstances justified the entry. Without a doubt the deputies acted promptly: they entered the apartment immediately after seeking and not receiving the defendant's consent; also, their entry was not delayed to the extent that they could have obtained a search warrant during that time. The defendant was not, however, known to be armed or dangerous, and the suspected offense was not serious and did not threaten anyone else with harm.

■■ ■ Prompt action was necessary here, according to the State, to prevent the destruction of the evidence. The State relies in part on the defendant's knowledge of the deputies' belief that marijuana was inside the apartment. This alone cannot be enough to avoid the requirement of a warrant, however, for under the theory every encounter with a person could be transformed into an emergency by a timely expression of suspicion. The destructibility of evidence does not by itself excuse the lack of a warrant. In *People v. Ouellette* (1979), 78 Ill. 2d 511, 401 N.E.2d 507, the supreme court held that in exigent circumstances police with a search warrant for narcotics may enter a dwelling without knocking on the door and announcing themselves and said:

"We do *not*, however, agree with the State that the existence of narcotics is, in itself, an exigent circumstance justifying such an intrusion into a defendant's or a suspect's premises." 78 Ill. 2d 511, 516, 401 N.E.2d 507, 509.

■■ None of the exigencies mentioned in *Ouellette* and its companion case, *People v. Conner* (1979), 78 Ill. 2d 525, 401 N.E.2d 513, are present here; the deputies were not in danger, and they did not know whether the defendant had an arrangement for disposing of his contraband quickly. Because the deputies here did not have a search warrant, *Ouellette's* "principle applies with even greater force" (*People v. Patrick* (1981), 93 Ill. App. 3d 830, 833, 417 N.E.2d 1056, 1059).

We therefore conclude that exigent circumstances were not present in this case and affirm the order of suppression.

Affirmed.

WEBBER and TRAPP, JJ., concur.