THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
CLARENCE P. OLSON, Defendant-Appellee.

Second District   No. 81—929

Opinion filed January 19, 1983.

REINHARD, J., dissenting.

Theodore J. Floro, State's Attorney, of Woodstock (Gail A. Moreland, As-

sistant State's Attorney, and Phyllis J. Perko and Judith Pietrucha, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

G. Joseph Weller and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE NASH delivered the opinion of the court:

The State appeals from an order of the circuit court of McHenry County granting a motion by defendant, Clarence P. Olson, to suppress evidence seized by police from the home in which he was living. Defendant had been charged by complaint with possession of cannabis in excess of 500 grams. (Ill. Rev. Stat. 1979, ch. 56½, par. 704(e).) On appeal, the State contends the evidence in question was admissible as it was seized as the result of a search incident to a lawful arrest.

The search took place shortly after midnight on August 8, 1981, at the home where defendant resided with his two older brothers, located in Lake-in-the-Hills, Illinois. Sergeant James A. Wales testified at the suppression hearing that he was directed to defendant's home by the police dispatcher to investigate complaints of loud music, and that upon his approach to the front door he heard loud music coming from the residence. Sergeant Wales was then joined by Office Alan Bokowski. The front door was open, but access to the interior of the house was barred by a closed screen door. Portions of the interior of the home were visible from the porch through several large windows.

Sergeant Wales knocked on the front door, and Officer Bokowski stood 15 feet to the side from where he could see into a window at the lower level of the house. Approximately two minutes elapsed before anyone came to the door, and during that interval, both officers stated, they saw a group of young people through a window, standing around in the lower level of the house. It appeared to the officers that a party was in progress and that all of these young people were under 21 years of age. The officers also observed that these persons were carrying or drinking beer.

The front door was eventually answered by Ron O'Rourke, who came upstairs toward the entryway with a beer bottle in his hand. O'Rourke laid the bottle down before coming to the door and was there questioned by Sergeant Wales. He stated that he was not the owner of the home, that he thought one of those present might be over the age of 21 and that the owner of the house was downstairs. Officer Bokowski then observed a flurry of activity downstairs, and the officers proceeded to enter the dwelling. As they went through the middle of the house, they passed a table containing a plastic pipe

surrounded by a green leafy substance. They proceeded downstairs and there observed several people with beer, as well as numerous seeds on a table. Defendant identified himself to the officers as a resident of the house and produced a driver's license showing his age as 17. Only one of those present, a nonresident of the house, identified himself as being over 21. Sergeant Wales then checked the downstairs area and, behind the bar, found a brown plastic bag containing what was later identified as marijuana. Wales testified that he had seen various individuals at the bar, but had not observed anyone behind it; Bokowski stated that he had seen one person behind the bar. Following defendant's arrest, he was advised of his *Miranda* rights, and he made an inculpatory statement. None of those arrested were charged with alcohol-related offenses; Sergeant Wales administered a verbal warning at the police station and all except defendant were released without being charged with an offense. The officers had no search warrant and had not requested or obtained consent to enter the premises.

In ruling on the motion, the trial court stated that it believed the search had been foreplanned, even before the officers got near the house. The court also found no basis on which the police could have believed that the underage drinking law was being violated since the law (Ill. Rev. Stat. 1981, ch. 43, par. 134a) permits such conduct in a private home under parental supervision and since the officers could not reasonably believe that such permission had not been obtained. In its written order, the court further found that even if the arrest had been valid, the search and seizure were beyond the scope of the arrest. The court therefore found the warrantless search unreasonable and granted defendant's motion to suppress. The State perfected this appeal by filing a timely notice of appeal and a certificate of impairment of its case.

Initially, the State argues that the trial court's finding the search was foreplanned is erroneous. We agree. There is no evidence in the record to support that assumption. We conclude, however, that the evidence was properly suppressed on other grounds.

We consider first the State's argument the evidence was validly seized in the home as incident to a lawful arrest and that the warrantless, nonconsensual entry to effect that arrest was justified by exigent circumstances.

An officer may arrest a person without a warrant if he has reasonable grounds to believe the person is committing or has committed an offense (Ill. Rev. Stat. 1979, ch. 38, par. 107—2(c)). A misdemeanor is an offense for which an arrest may be made without a warrant.

(*Wilson v. Hunk* (1977), 51 Ill. App. 3d 1030, 1032, 367 N.E.2d 478, 480.) In the present case the officers apparently considered under the facts known to them that the young persons they had viewed through the windows of the house were violating the statute which prohibits consumption of alcohol by anyone under 21 years of age (Ill. Rev. Stat. 1979, ch. 43, par. 134a), a Class C misdemeanor. That statute also provides, however,

"[T]he consumption by a minor [of alcoholic liquor] under the direct supervision and approval of the parents or parent of such minor in the privacy of a home, is not prohibited by this Act." Ill. Rev. Stat. 1979, ch. 43, par. 134a.

The officers testified that during their observations through the windows of the house, they saw seven or eight persons who appeared to be less than 21 years old who were drinking beer. The officers also were advised by the young man who answered the door that he believed one person in the house was over 21 and that the owner of the house was downstairs in the three-level home. The officers thereupon entered the home for the purpose of arresting minors who were drinking and seized evidence found therein while doing so.

The trial court concluded that inasmuch as the officers had not sought to determine whether parents were present who had approved the conduct of the minors in the privacy of the home, the officers lacked reasonable grounds to believe the offense had been or was being committed and the arrest was improper.

We need not here determine whether the facts known to the officers when they made the arrest decision were sufficient to sustain it (see, *e.g.*, *People v. Coleman* (1977), 50 Ill. App. 3d 1053, 364 N.E.2d 742), as, in either case, the circumstances did not permit their nonconsensual entry into the home without a warrant to make an arrest for that offense.

● ■ ■ The expectation of privacy in a private home is protected by the fourth amendment, and a warrantless entry without consent to effectuate an arrest may only be justified in exigent circumstances. (*Payton v. New York* (1980), 445 U.S. 573, 583, 63 L. Ed. 2d 639, 648, 100 S. Ct. 1371, 1378; *People v. Abney* (1980), 81 Ill. 2d 159, 168, 407 N.E.2d 543; *People v. Klimek* (1981), 101 Ill. App. 3d 1, 427 N.E.2d 598; *People v. Wilson* (1980), 86 Ill. App. 3d 637, 408 N.E.2d 988.) In determining whether a warrantless entry of a private dwelling to arrest is justified, the guiding principle is its reasonableness based upon the facts and circumstances known to the officers at the time they acted. (*People v. Abney* (1980), 81 Ill. 2d 159, 173, 407 N.E.2d 543, 549; *People v. Henderson* (1981), 96 Ill. App. 3d 232, 236, 421 N.E.2d

219, 223, *appeal denied* (1981), 85 Ill. 2d 570.) In *Abney* the court noted some of the factors suggesting exigent circumstances authorizing the warrantless entry of a home,

(1) the need for prompt action;

(2) the absence of deliberate or unjustified delay by officers during which a warrant could have been obtained;

(3) a belief the suspect was armed and exhibited signs of a violent character.

Additional factors suggesting officers had acted reasonably were:

(1) existence of a clear showing of probable cause based on reasonably trustworthy information;

(2) defendant was clearly identified;

(3) a strong reason to believe defendant was on the premises; and

(4) the entry was peaceful.

Implicit in these factors is a consideration of the gravity of the offense. *People v. Glover-El* (1981), 102 Ill. App. 3d 535, 540, 430 N.E.2d 147, 152; see *People v. Trull* (1978), 64 Ill. App. 3d 385, 380 N.E.2d 1169.

●■ ■ We conclude under the circumstances presented here that the nonconsensual, warrantless entry of the home to make an arrest was not justified. It does not appear that prompt police action to protect the community or persons within the house was required or that delay to obtain a warrant would have unduly impeded an investigation or permitted a criminal to escape. (See *People v. Abney* (1980), 81 Ill. 2d 159, 407 N.E.2d 543; *People v. Klimek* (1981), 101 Ill. App. 3d 1, 5-6, 427 N.E.2d 598, 602.) Nor will the potential destruction of evidence, standing alone, excuse obtaining a warrant. (*People v. Kelley* (1982), 104 Ill. App. 3d 51, 432 N.E.2d 630; *People v. Seybold* (1981), 98 Ill. App. 3d 236, 423 N.E.2d 1132.) In addition, there was no evidence of the presence of weapons or violent behavior, and the suspected offense was minor.

■ Nor do we consider the officers acted reasonably in entering the private home to make arrests for conduct which would be lawful if it was supervised and approved by the parents of the minors drinking beer. The officers made no effort to determine whether the parents were in another portion of the house, and there was lacking a clear showing of probable cause an offense had been committed.

We have also considered the recent case of *People v. Eichelberger* (1982), 91 Ill. 2d 359, 438 N.E.2d 140, in which our supreme court held that the commission of a felony offense in the presence of officers was an exigent circumstance permitting warrantless entry of

defendant's hotel room. *Eichelberger* must be distinguished, however, as the offense which the officers apparently considered was occurring in the present case was a nonviolent Class C misdemeanor.

As the issues discussed are dispositive we need not consider the other arguments of the parties in this case.

Accordingly, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

UNVERZAGT, J., concurs.

JUSTICE REINHARD, dissenting:

My disagreement with the majority opinion focuses on whether our supreme court's recent decision in *People v. Eichelberger* (1982), 91 Ill. 2d 359, 438 N.E.2d 140, should be distinguished as the majority so concludes. In *Eichelberger*, the court held that under the facts present there the warrantless entry into the defendant's hotel room for the purpose of effecting an arrest did not violate defendant's fourth amendment right since the police officers reasonably believed that a felony was being committed in their presence. While the offense which the police officers here considered was occurring in their presence was the nonviolent Class C misdemeanor of minor drinking, I believe the need for prompt action to stop the crime here being committed and to arrest the person or persons responsible constitutes exigent circumstances just as compelling as in a felony case. The guiding principle is reasonableness under the constitutional provisions governing searches and seizures. (*People v. Abney* (1980), 81 Ill. 2d 159, 173, 407 N.E.2d 543.) Is it reasonable to protect a person from a warrantless entry into a home and from arrest for a misdemeanor crime he is committing in the presence of police officers when such protection is not available to a person committing a felony in the presence of police officers? I think not. To make such a distinction under the facts here renders law enforcement officers powerless to stop a crime which they see being committed in their presence and requires them to obtain a warrant which may not be readily procurable. To require a warrant allows potential defendants to continue to violate the law or to destroy evidence of that crime. It further inhibits law enforcement agencies in prompt enforcement and administration of their responsibilities.

Under the circumstances present here, the officers reasonably believed a crime was being committed in their presence which justified

the warrantless entry into the home and the subsequent arrest. As the majority did not consider other arguments advanced by the defendant, I limit my discussion to this one issue.