THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
DAVID STOUDT *et al.*, Defendants-Appellees.

Second District   Nos. 2—88—1184, 2—88—1216, 2—88—1219 cons.

Opinion filed June 8, 1990.

Michael P. Coghlan, State's Attorney, of Sycamore (William L. Browers and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Manuel S. Serritos, both of State Appellate Defender's Office, of Elgin, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

The State appeals from an order entered by the circuit court dismissing three identical criminal complaints. The State claims that the court improperly considered evidentiary matters not needed to evaluate the legal sufficiency of the complaints. We affirm.

■ We initially note that we agree with the State's contention that a trial court should not look beyond the charging instrument when deciding if it should dismiss a charge for failure to state an offense. However, assuming the trial court committed this error, it does not follow that its decision must be reversed. A complaint that fails to charge an offense cannot be validated simply by a court improperly considering evidence when deciding a motion to dismiss. (*People v. Fink* (1982), 91 Ill. 2d 237, 241.) Moreover, this court may affirm the trial court decision for any reason appearing in the record even if the trial court's decision was based on incorrect reasoning. *People v. Treece* (1987), 159 Ill. App. 3d 397, 413.

On June 13 and June 14, 1988, defendants, David Stoudt, Paul Crawford and Steven Weindorf, were charged by amended complaint with resisting a peace officer (Ill. Rev. Stat. 1987, ch. 38, par. 31—1), mob action (Ill. Rev. Stat. 1987, ch. 38, par. 25—1(d)), and obstructing persons in the highway (Ill. Rev. Stat. 1987, ch. 95½, par. 11—1416). Defendants filed a joint motion to dismiss count I, resisting a peace officer. After hearing arguments, the court granted defendants' motion, stating:

"The allegation that the Defendant stayed on the street after being ordered by the police officer to remove himself/herself does not state the offense of Resisting or Obstructing a Peace Officer pursuant to Illinois Revised Statutes, Chapter 38 Sec. 31—1.

Resistance requires some actual physical act which would impose an obstacle which may impede, hinder interrupt, prevent or delay the performance of the officers' duties."

The State appeals from the dismissal of count I of the complaint.

■■ ■ Section 114—1(a)(8) of the Code of Criminal Procedure of 1963 (the Code) provides:

"Upon the written motion of the defendant made prior to trial before or after a plea has been entered the court may dismiss the indictment, information or complaint upon any of the following grounds:

\* \* \*

(8) The charge does not state an offense." (Ill. Rev. Stat. 1987, ch. 38, par. 114—1(a)(8).)

When reviewing the grant of a motion pursuant to section 114—1, the question is whether the charging instrument complied with the requisites of section 111—3 of the Code. (*People v. Gerdes* (1988), 173 Ill. App. 3d 1024, 1028.) Section 111—3 provides:

"A charge shall be in writing and allege the commission of an offense by:

(1) Stating the name of the offense;

(2) Citing the statutory provision alleged to have been violated;

(3) Setting forth the nature and elements of the offense charged;

(4) Stating the date and county of the offense as definitely as can be done; and

(5) Stating the name of the accused, if known, and if not known, designate the accused by any name or description by which he can be identified with reasonable certainty." Ill. Rev. Stat. 1987, ch. 38, par. 111—3(a).

■■ In the case at bar, defendants were charged with resisting or obstructing a peace officer. (Ill. Rev. Stat. 1987, ch. 38, par. 31—1.) Section 31—1 provides:

"A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer of any authorized act within his official capacity commits a Class A misdemeanor." (Ill. Rev. Stat. 1987, ch. 38, par. 31—1.)

The complaint states in relevant part:

"Complainant, Sgt. Donald Berke, De Kalb Police Department, 200 S. Fourth Street, De Kalb, Illinois, charges that on or about April 13, 1988, David Stoudt committed the offense of RESISTING A PEACE OFFICER in violation of Chapter -38, Section 31—1, Illinois Revised Statutes, as amended, in that in De Kalb County, Illinois, said defendant did knowingly refused [sic] to remove himself from the 400 block of Lincoln Highway, De Kalb, De Kalb County, Illinois, after being instructed to do so by Sgt. Berke of De Kalb City Police, knowing Sgt. Berke to be a peace officer engaged in the execution of his official duties."

The State argues that the complaint complies with section 111—3 and is sufficient to state the offense charged. The defendants argue that the complaint does not sufficiently set forth the elements of the offense charged. Therefore, the complaint is deficient. We agree with the defendants.

■ A violation of section 31—1 requires an act of physical resistance. (*People v. Pruitt* (1988), 166 Ill. App. 3d 679, 682.) Additionally, performance by a peace officer of an authorized act within his official authority is also an element of the offense. (*People v. Leach* (1972), 3 Ill. App. 3d 389, 394.) We find that neither of the above elements was sufficiently set forth in the complaint.

■ The State argues that the physical act of resistance is that each defendant "refused to remove himself from the 400 block of Lincoln highway." This is not a physical act of resistance. Defendants *refrained* from any physical action. If the officer had attempted to escort defendants from the 400 block of Lincoln Highway and the defendants pushed or struck the officers or fell to the ground or tied themselves to a tree, then there may have been a physical act of resistance. An allegation of failure to *cooperate* with an officer is not necessarily the same as *resisting* or *obstructing* an officer.

In *People v. Weathington* (1980), 82 Ill. 2d 183, the defendant was arrested for aggravated battery. At the jail, an officer asked the defendant several questions pertaining to his identity. The defendant refused to give any information to the officer and was subsequently charged with resisting a peace officer. The court held:

"[W]here the defendant merely argued with the officer as to when he would answer the booking questions and then, after an indefinite but certainly a brief time, did answer the questions, no offense took place. No physical act of resistance

or obstruction occurred; merely argument coupled with eventual cooperation. The defendant is therefore not guilty of violating section 31—1." *Weathington*, 82 Ill. 2d at 187.

■■ In the case at bar, defendants, like the defendant in *Weathington*, simply refused to comply with the request of an officer. Without more, this conduct does not constitute a violation of section 31—1.

Additionally, we find that the State did not sufficiently allege the officer was performing an authorized act within his official capacity. The complaint simply stated the defendants "[knew] Sgt. Berke to be a peace officer engaged in the execution of his official duties." In *Gerdes*, the court stated:

"Where *** the statute defining an offense specifies the type of conduct prohibited, the particular act at issue need not be alleged, and the information may simply set out the offense in the language of the statute. Where, on the other hand, the statute defines the offense only in general terms, a charge couched in the language of the statute is insufficient." (*Gerdes*, 173 Ill. App. 3d at 1029.)

This portion of the charge is alleged in the language of the statute. The complaint at bar does not contain sufficient allegations of the authorized act the officer was performing. Since section 31—1 does not particularize the offense, the complaints which contain a charge solely in the language of the statute are not sufficient.

For the reasons stated above, the decision of the circuit court of De Kalb County is affirmed.

Affirmed.

UNVERZAGT, P.J., and DUNN, J., concur.