THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
TERESA A. HILGENBERG *et al.*, Defendants-Appellees.

Second District   No. 2—90—0389

Opinion filed December 31, 1991.

Roger T. Russell and Peggy D. Gerkin, State's Attorneys, of Belvidere (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and David W. Devinger, both of State Appellate Defender's Office, of Elgin, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

The 36 above-named defendants were charged individually, by identical complaints, with the offense of obstructing a peace officer, a Class A misdemeanor (Ill. Rev. Stat. 1989, ch. 38, par. 31—1). The State timely appeals the trial court's dismissal of the complaints for failure to state an offense, and, upon the State's motion, this court allowed the 36 separate trial court cases to be docketed as one appeal in this court. The State contends that the trial court erred in dismissing the criminal complaints as legally insufficient where the decision was based on extrinsic facts disclosed by the parties and the court's consideration was not limited to the matters stated on the face of the complaints. We affirm.

The complaints against each of the defendants specifically alleged in pertinent part that, on September 22, 1989, that each defendant:

> "knowingly obstructed the performance of Sheriff Duane Wirth of an authorized act within his official capacity, being the investigation of a reported complaint of Unlawful consumption of alcoholic beverage and Disorderly conduct, knowing Duane Wirth to be a peace officer engaged in the execution of his official duties, in that he [or she] refused to open the door or permit the entry of Sheriff Duane Wirth at 2837 Be-Ver-Vue Road, Belvidere, Boone County, Illinois, in violation of Chapter 38; Section 31—1, Illinois Revised Statutes."

On November 9, 1989, defendants Carole L. Becker and Tony W. Gray moved to dismiss the complaints contending that they were not authorized by law. In their identical memoranda in support of the motion to dismiss, these defendants argued that the conduct of refusing to open a door did not constitute a physical act of obstructing and that the police officer was not engaged in an authorized act. Conceding that an authorized act may include all arrests, even unlawful ones, defendants noted that an accused is not guilty of resisting an officer if the officer is engaged in making an unlawful search (citing *People v. Young* (1968), 100 Ill. App. 2d 20). Defendants argued that, in the absence of a warrant, exigent circumstances or consent, entry into the home was not an authorized act (citing *People v. Swiercz* (1982), 104 Ill. App. 3d 733, 737).

Defendants Rebecca L. Drew, William W. Phillips, and Kimberly K. Pitner filed motions to dismiss on December 1, 1989. The Pitner

motion was in the form of a letter that raised essentially the same issues as did Becker and Gray, while the motions of Phillips and Drew included no argument.

A hearing on the motions was held on December 1, 1989. The trial court heard the arguments of the parties, including those of the State, which included the recitation of some of the facts under which the charges were brought. The court observed that the State's argument was self-defeating when it argued that the officers had consent to enter the home but the State also maintained that the refusal of the defendants to open the door constituted the obstruction of an officer. The court also remarked, "There's some constitutional grounds that you argue like the sanctity of a home, the right against unreasonable search and seizure, the whole like that seems to be circumvented by telling someone you've got to open that door when they don't have to." The court thereupon dismissed all of the complaints against the 36 defendants which related to obstruction—even as to those defendants who were not represented by counsel. The State concedes on appeal that if our ruling is adverse to its position, the State would not insist that motions to dismiss be filed by those defendants who have not filed such motions.

The State filed motions to reconsider, and a hearing was held on March 1, 1990. The motions were denied. Interestingly, the State argued, even as it sought to present additional facts to the trial court, that the court should have limited its decision to the facial sufficiency of the complaint. Nevertheless, the State now urges on appeal that the trial court erred in dismissing the complaints based on facts disclosed by the parties rather than merely considering the facial sufficiency of the charging instruments. Since the State took an ambivalent position in the trial court, the State's position on the issue is arguably waived for failure to pursue it below. (See *People v. Knop* (1990), 199 Ill. App. 3d 944, 949.) Because this appeal involves substantial rights of the State as well as of the defendants, we will exercise our discretion to review the substantive issues raised by the defendants in the trial court as well as on appeal, particularly where the construction of a statute is concerned and the charges were dismissed (see *People v. Oswald* (1982), 106 Ill. App. 3d 645, 649). This court may affirm the trial court's decision for any reason supported by the record notwithstanding the trial court's reasoning. *People v. Stoudt* (1990), 198 Ill. App. 3d 124, 125, *appeal denied* (1990), 133 Ill. 2d 569.

■■ Initially, the defendants correctly argue that even if a trial court improperly considers evidentiary facts in weighing a defendant's

motion to dismiss his complaint, the consideration of those facts does not validate a complaint that fails to charge an offense. (*People v. Fink* (1982), 91 Ill. 2d 237, 241; *Stoudt*, 198 Ill. App. 3d at 125.) A complaint which charges resisting or obstructing a peace officer must sufficiently describe the physical acts which constitute the crime. (*People v. Fox* (1983), 117 Ill. App. 3d 1084, 1086.) The complaint must set forth sufficient allegations regarding the "authorized" act the officer was performing (*Stoudt*, 198 Ill. App. 3d at 128) and sufficient allegations describing what physical act of the defendant constituted resisting or obstructing the peace officer (*People v. Leach* (1972), 3 Ill. App. 3d 389, 394). Where the statutory language does not adequately particularize the offense or may encompass conduct not intended to be punished under the statute, a complaint charged solely in the language of the statute is insufficient. *Fox*, 117 Ill. App. 3d at 1086.

The statute in question states: "A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer of any authorized act within his official capacity commits a Class A misdemeanor." Ill. Rev. Stat. 1989, ch. 38, par. 31—1.

■ A violation of this section requires an act of physical resistance. (*People v. Pruitt* (1988), 166 Ill. App. 3d 679, 682.) "[R]esistance" means " 'withstanding the force or effect of' or the 'exertion of oneself to counteract or defeat.' 'Obstruct' means 'to be or come in the way of.' " (*Landry v. Daley* (N.D. Ill. 1968), 280 F. Supp. 938, 959, *rev'd on other grounds sub nom. Boyle v. Landry* (1971), 401 U.S. 77, 27 L. Ed. 2d 696, 91 S. Ct. 758, quoted in *People v. Raby* (1968), 40 Ill. 2d 392, 399.) These terms are alike in that they imply some physical act or exertion. They do not proscribe mere argument with a policeman about the validity of an arrest or other police action, but proscribe only some physical act which imposes an obstacle which may impede, hinder, interrupt, prevent or delay the performance of the officer's duties, such as by going limp, forcefully resisting arrest or physically aiding a third party to avoid arrest. (*Raby*, 40 Ill. 2d at 399.) Mere refusal to answer a police officer, in the absence of a physical act, may be deemed tantamount to argument which is not a violation of the statute. See *People v. Weathington* (1980), 82 Ill. 2d 183, 187.

In *Stoudt*, where each defendant " 'refused to remove himself from the 400 block of Lincoln Highway,' " this was held not to be a physical act of resistance since the defendant *refrained* from any physical action. The court also noted that an allegation of the failure to cooperate with an officer is not necessarily the same as resisting or obstructing an officer. (*Stoudt*, 198 Ill. App. 3d at 127.) The court dis-

tinguished nonaction from instances where, for example, in response to an officer's attempt to escort the defendants, they pushed or struck the officer or fell to the ground or tied themselves to a tree. The *Stoudt* court went on to hold that the complaint was also insufficient because it did not contain sufficient allegations regarding the authorized act that the officer was performing. *Stoudt*, 198 Ill. App. 3d at 128.

Similarly, in the case at bar, the defendants' inaction should not be deemed to be an act of physical resistance where it was merely alleged that the defendants refused to open the door or permit the entry of the sheriff, particularly where there are insufficient allegations to show that defendants were impeding an authorized act of the officer. In its reply brief, the State merely argues, without citation to relevant case law, that *Stoudt* was wrongly decided and that the statutory provision is meant to encompass an accused's omission or failure to take action. This argument begs the question.

The difficulty in determining whether action or inaction is punishable, we believe, stems at least in part from attempting to analyze the lawfulness of an action or inaction outside the context of the statute: the act of obstructing or resisting must be in response to an authorized act of the officer. Certainly, the inaction of the occupants of a house or building, without more, has no legal significance. On the other hand, a failure to respond to an officer's request to open a door or to permit entry to the premises only has legal significance if the request was authorized within his official capacity and the response of the defendant actually *impeded* an act the officer was authorized to perform. If the officer were there merely selling magazines or asking for donations, no one would rationally argue that the failure to answer the door was an act of obstruction cognizable as a criminal offense.

An important element in analyzing this case is that the allegations in the complaint directly implicate the fourth amendment right to be free from unwarranted searches and seizures. It is not surprising that the trial court commented on this aspect of the issue in examining the sufficiency of the complaint. It is clear from the face of the complaint that the officer was merely investigating a nonfelony complaint. There were no allegations with respect to his possession of a warrant of any kind or probable cause coupled with exigent circumstances. The defendant occupants at whom the complaint was directed obviously did not consent to open the door or permit the officer's entry onto the premises. Although the officer may have been authorized in the course of his investigation to request that the door be opened or

that he be permitted to enter, it is significant that the officer had no right to open that door himself or insist that it be opened or that he be allowed to enter. The occupants of the premises had a right to refuse the request.

It is settled that nonconsensual, warrantless entries into private premises are *per se* unreasonable absent probable cause coupled with exigent circumstances. (*People v. Krueger* (1991), 208 Ill. App. 3d 897, 909, citing *Welsh v. Wisconsin* (1984), 466 U.S. 740, 749, 80 L. Ed. 2d 732, 743, 104 S. Ct. 2091, 2097; *Payton v. New York* (1980), 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371; see *People v. Vought* (1988), 174 Ill. App. 3d 563, 568-70 (rule protects persons renting hotel rooms); *People v. Olson* (1983), 112 Ill. App. 3d 20; see also *People v. Foskey* (1990), 136 Ill. 2d 66, 77-80.) Fourth amendment protections have been extended to persons located on business and commercial premises. See *See v. City of Seattle* (1967), 387 U.S. 541, 18 L. Ed. 2d 943, 87 S. Ct. 1737 (nonconsensual administrative entry onto commercial premises not open to the public may be compelled only through prosecution or physical force within the framework of a warrant procedure; defendant could not be prosecuted for exercising his constitutional right to insist that fire inspector obtain a warrant authorizing entry into locked warehouse).

In *People v. Olson*, the court found unjustified a nonconsensual warrantless entry into a private residence in the course of an investigation of complaints of loud music (and possible underage drinking). The entry resulted in the arrest of the defendants for a nonviolent misdemeanor. The court found no exigent circumstances such as where prompt police action was required to protect the community or persons within the house, where the delay in obtaining a warrant would not have unduly impeded the investigation or permitted a criminal to escape, and where there was no evidence of the presence of weapons or violent behavior. *Olson*, 112 Ill. App. 3d 20.

In *People v. Swiercz* (1982), 104 Ill. App. 3d 733, the defendant's conduct in refusing to allow an officer to enter the defendant's apartment to search for a third party for purposes of interrogation did not amount to an offense of obstructing a police officer in performing an authorized act where the officer was not seeking to make an arrest and there was no showing of exigent circumstances. The court concluded that defendant was not proved guilty beyond a reasonable doubt of violating the obstruction statute. In *People v. Young* (1968), 100 Ill. App. 2d 20, the court determined that officers were not performing an authorized act under section 31—1 when they attempted to execute a search warrant for the person named on the warrant at

a particular address and the occupant protested that the police had the wrong name and address and she resisted the search.

■ Here, we are considering whether a *complaint* is sufficient to charge a person with resisting an officer where there are no facts alleged to support the lawfulness of the officer's demand that the door to the premises be opened or that he be permitted to enter. In effect, we are being asked to sanction, on the basis of a conclusory complaint, the prosecution of persons who presumptively have the right to refuse to open the door or to refuse entry upon the premises. This we decline to do.

When an "officer demands entry but presents no warrant, there is a presumption that the officer has no right to enter, because it is only in certain carefully defined circumstances that lack of a warrant is excused. [Citation.] An occupant can act on that presumption and refuse admission. *** He is not required to surrender his Fourth Amendment protection on the say so of the officer. The [Fourth] Amendment gives him a constitutional right to refuse to consent to entry and search. His asserting it cannot be a crime." *United States v. Prescott* (9th Cir. 1978), 581 F.2d 1343, 1350-51, relying on *Camara v. Municipal Court* (1967), 387 U.S. 523, 532-33, 18 L. Ed. 2d 930, 937-38, 87 S. Ct. 1727, 1732-33 (defendant had a constitutional right to insist that housing inspectors obtain a warrant to search his residence, and he could not be convicted of a misdemeanor for refusing to permit the inspection).

In *Prescott*, the court overturned a defendant's conviction of assisting an offender to hinder or prevent apprehension in violation of Federal law. The conviction was based upon the defendant's conduct for her refusal to open the door when, without a warrant, Federal agents sought to search her apartment for a criminal suspect. The agents made a forcible entry and found the fugitive they were seeking. After concluding that the agents needed a warrant to enter, the court held:

> "One cannot be penalized for passively asserting this [Fourth Amendment] right, regardless of one's motivation. Just as a criminal suspect may validly invoke his Fifth Amendment privilege in an effort to shield himself from criminal liability [citations], so one may withhold consent to a warrantless search, even though one's purpose be to conceal evidence of wrongdoing.
>
> *** We only hold that her passive refusal to consent to a warrantless search is privileged conduct which cannot be considered as evidence of criminal wrongdoing. If the government

could use such a refusal against the citizen, an unfair and impermissible burden would be placed upon the assertion of a constitutional right and future consents would not be 'freely and voluntarily given.' " *Prescott*, 581 F.2d at 1351.

Other jurisdictions that have recently considered this issue have recognized the fourth amendment right of a person to resist an (unlawful) intrusion into the home by a police officer where there is no warrant, exigent circumstances or consent to justify the intrusion. See, *e.g., Brown v. City of Oklahoma City* (Okla. App. 1986), 721 P.2d 1346, *cert. granted for limited purpose of striking last paragraph in part III of majority opinion* (Okla. 1986), 721 P.2d 1356; *City of Middleburg Heights v. Theiss* (1985), 28 Ohio App. 3d 1, 501 N.E.2d 1226 (one can lawfully refuse to consent to a warrantless search; assertion of that right cannot be a crime; there exists at least a limited right to resist entrance to the home, such as by locking or closing the door or physically placing oneself in the officer's way).

We recognize that it is not unreasonable for police officers, in the pursuit of criminal investigations, to seek interviews with suspects or witnesses at their homes, but their right to call upon them at their homes for such purposes does not include the right to walk in uninvited merely because there is no response. (See *State v. Crider* (Me. 1975), 341 A.2d 1.) We also observe in passing that, in an investigatory context, while a police officer may approach an individual in a public place to ask him questions, ordinarily, the person approached need not answer any questions put to him; indeed, he may decline to listen to the questions at all and may go on his way. He may not be detained even momentarily without reasonable, objective grounds for doing so; and his refusal to listen or answer does not, without more, furnish those grounds. *Florida v. Royer* (1983), 460 U.S. 491, 497-98, 75 L. Ed. 2d 229, 236, 103 S. Ct. 1319, 1324; see generally *Florida v. Bostick* (1991), 501 U.S. ___, 115 L. Ed. 2d 389, 111 S. Ct. 2382.

Here, we are dealing not with a casual public encounter, but with the right of citizens to be secure from intrusion into their personal privacy, the right to shut the door on the officers of the State unless their entry is under the proper authority of law. (See *Brown*, 721 P.2d at 1353.) At the core of the fourth amendment stands the right of a person to retreat into his or her own home and there be free from unreasonable governmental intrusion. "In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed

without a warrant." *Payton v. New York*, 445 U.S. at 590, 63 L. Ed. 2d at 653, 100 S. Ct. at 1382.

Alleging "an official police investigation" does not constitute an "authorized" act requiring defendants to open the door or permit the entry of the officer onto the premises. Absent specific factual allegations that the officer was acting on the basis of a warrant, consent, or probable cause to arrest coupled with exigent circumstances, the complaint does not state an offense. Accordingly, we conclude that the complaint was insufficient as a matter of law, because there were inadequate factual allegations regarding the performance of authorized acts by the police, or the commission of acts of resistance or obstruction by defendants. Although the officer may have had a right to request entry, he could not lawfully order that the door be opened or enter himself. Under the facts presented, an occupant of the premises had a fourth amendment right to refuse entry, and the assertion of that right does not constitute a crime. To hold otherwise would permit or encourage abuses of a citizen's fourth amendment right by the State under the guise of prosecuting a defendant for the obstruction of a peace officer.

The Boone County circuit court's order of dismissal of the complaints as to all defendants is affirmed.

Affirmed.

NICKELS and GEIGER, JJ., concur.