# Illinois Official Reports

## Appellate Court

*People v. Moman*, 2014 IL App (1st) 130088

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAQUAN MOMAN, Defendant-Appellant. |
| District & No. | First District, Fourth Division<br>Docket No. 1-13-0088 |
| Filed | August 14, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appellate court upheld defendant's conviction for obstructing a peace officer arising from an incident in which defendant kicked a correctional officer during the officer's attempt to shackle defendant while he was a patient in the emergency room of the jail where he was an inmate, notwithstanding defendant's contention that the uncharged offense of obstructing a peace officer was not a lesser included offense of the charged offense of aggravated battery, since the allegations of the indictment formed the main outline of the statutory elements of obstructing a peace officer and the evidence supported a conviction for that offense; therefore, obstructing a peace officer was a lesser included offense of aggravated battery in defendant's case. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-CR-04027; the Hon. James B. Linn, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Lauren A. Bauser, all of
State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg and
Eve Reilly, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE EPSTEIN delivered the judgment of the court, with opinion.
Presiding Justice Howse and Justice Lavin concurred in the judgment
and opinion.

**OPINION**

¶ 1    The State charged defendant Jaquan Moman with aggravated battery for kicking a correctional officer while defendant was in custody. Following a bench trial, the trial court acquitted defendant of aggravated battery, but found him guilty of the uncharged offense of obstructing a peace officer. Defendant appeals, contending that the trial court violated his right to due process of law in convicting him of that uncharged offense. We disagree, as obstructing a peace officer was a lesser-included offense of the charged offense of aggravated battery and the evidence at trial rationally supported a conviction for obstructing a peace officer. We affirm defendant's conviction.

¶ 2                                I. BACKGROUND

¶ 3    Defendant was charged with two counts of aggravated battery, which alleged that defendant kicked Jesus Barajas, a correctional officer at Cook County jail, "while Jesus Barajas was performing his official duties." At defendant's bench trial, Barajas testified that, on February 7, 2012, he was assigned to the in-house hospital in the jail. He was dressed in his sheriff's department uniform that day.

¶ 4    Defendant, an inmate at the jail, was scheduled for an appointment at the jail's hospital. After bringing defendant to the hospital and registering defendant in the emergency room, Barajas told defendant to sit in the emergency room waiting area. Defendant complied.

¶ 5    While defendant was waiting to be seen, he stood and looked through a window on the door to the emergency room. Barajas told defendant to sit down and defendant complied. Later, defendant stood and tried to open the door to the emergency room. Barajas again instructed defendant to sit down and defendant complied. Barajas then went into the emergency room and asked if defendant could be seen soon. When Barajas returned to the waiting room, defendant was again trying to open the door. Barajas told defendant that he was going to use leg irons to shackle defendant because he continued to try to open the door.

¶ 6    Barajas and another officer escorted defendant to a bench in the waiting room. As Barajas crouched to shackle defendant's legs, defendant kicked Barajas in the back three times. Barajas

- 2 -

managed to shackle defendant's legs so that he stopped kicking. Barajas testified that, after the incident, a doctor examined his back and gave him over-the-counter pain medication. He testified that he periodically had back pain following the incident, but denied having any bruises or requiring physical therapy.

¶ 7     The trial court found that Barajas was "a credible and compelling witness." The court found defendant not guilty of aggravated battery, however, stating, "I find that what the case is about is not that [defendant] was necessarily looking to attack [Barajas], but he was arguing and getting physical about the fact that he was being restrained and ordered around the jail." The trial court found defendant guilty of "the lesser included offense of obstructing a peace officer with injuries, Class 4 felony." Defendant appeals that conviction.

¶ 8                                    II. ANALYSIS

¶ 9     Defendant contends that the trial court violated his right to due process of law by finding him guilty of the uncharged offense of obstructing a peace officer because that offense was not a lesser-included offense of defendant's aggravated battery charges. The State contends that defendant forfeited this issue and that the trial court did not err because the charges in the indictment formed a broad outline of the offense of obstructing a peace officer.

¶ 10    We first address the State's forfeiture argument. Defendant acknowledges that he forfeited this issue by failing to object to his conviction for obstructing a peace officer, but urges us to apply the plain error exception to forfeiture. Ill. S. Ct. R. 615(a); *People v. Thompson*, 238 Ill. 2d 598, 613 (2010). "The first step of plain-error review is determining whether any error occurred." *Thompson*, 238 Ill. 2d at 613. We thus assess whether the trial court erred in convicting defendant of the uncharged offense of obstructing a peace officer.

¶ 11    A defendant has a due process right to notice of the charges brought against him. *People v. Kolton*, 219 Ill. 2d 353, 359 (2006). "For this reason, a defendant may not be convicted of an offense he has not been charged with committing." *Id.* A defendant may, however, be convicted of an uncharged offense if it is a lesser-included offense of a crime the defendant is expressly charged with. *Id.* at 360.

¶ 12    To determine whether an uncharged offense is a lesser-included offense of a charged offense, we apply the charging instrument approach. *People v. Kennebrew*, 2013 IL 113998, ¶ 32. In applying the charging instrument approach, we follow two steps: (1) we first look "to the allegations in the charging instrument to see whether the description of the greater offense contains a broad foundation or main outline of the lesser offense"; and (2) if the charging instrument does contain a broad foundation of the lesser offense, we "examine the evidence adduced at trial to decide whether the evidence rationally supports a conviction on the lesser offense." (Internal quotation marks omitted.) *Kolton*, 219 Ill. 2d at 361. "[A]n offense may be deemed a lesser-included offense even though every element of the lesser offense is not explicitly contained in the indictment, as long as the missing element can be reasonably inferred." *Id.* at 364. We review *de novo* whether a charged offense encompasses another as a lesser-included offense. *Id.* at 361.

¶ 13    In this case, the State charged defendant with two counts of aggravated battery premised upon Barajas's status as a correctional officer. 720 ILCS 5/12-3.05(d)(4)(i) (West 2012). Count I alleged that defendant:

"in committing a battery, *** knowingly without legal justification caused bodily harm to Jesus Barajas, to wit: kicked Jesus Barajas about the body, and he knew the individual battered to be a peace officer, to wit; a Cook County department of corrections officer, while Jesus Barajas was performing his official duties."

Count II alleged that defendant:

"in committing a battery, *** knowingly without legal justification made physical contact of an insulting or provoking nature with Jesus Barajas, to wit: kicked Jesus Barajas about the body, and he knew the individual battered to be a correctional institution employee, while Jesus Barajas was performing his official duties."

¶ 14    The trial court found defendant guilty of resisting or obstructing a peace officer, which is defined as, "knowingly resist[ing] or obstruct[ing] the performance by one known to the person to be a peace officer, firefighter, or correctional institution employee of any authorized act within his [or her] official capacity." 720 ILCS 5/31-1(a) (West 2012). If a person causes injury during the offense, the offense is a Class 4 felony rather than a misdemeanor. 720 ILCS 5/31-1(a-7) (West 2012).

¶ 15    The allegations of the charging instrument plainly stated a "broad foundation or main outline" of the offense of obstructing a peace officer. (Internal quotation marks omitted.) *Kolton*, 219 Ill. 2d at 361. The charging instrument alleged that defendant kicked correctional officer Barajas while Barajas was "performing his official duties." These allegations sufficiently mirror a charge that defendant obstructed Barajas, a "correctional institution employee," while he was performing an "authorized act within his [or her] official capacity." 720 ILCS 5/31-1(a) (West 2012); see *People v. Sanchez*, 2014 IL App (1st) 120514, ¶¶ 22-23 (finding that an allegation that the defendant struck a police officer " 'in the performance of any of his official duties' " broadly defined the offense of resisting or obstructing a peace officer). Although the indictment does not use language identical to the obstructing a peace officer statute, it stated facts from which the elements of obstructing a peace officer could be reasonably inferred. *Kolton*, 219 Ill. 2d at 364.

¶ 16    Defendant maintains that one element of obstructing a peace officer–that Barajas was engaged in an "authorized act" during the incident–could not be inferred from the allegations of the charging instrument. 720 ILCS 5/31-1(a) (West 2012). Defendant, citing *People v. Leach*, 3 Ill. App. 3d 389 (1972), and *People v. Stoudt*, 198 Ill. App. 3d 124 (1990), argues that a charge of obstructing a peace officer must specify the authorized act in which the officer was engaged when the obstruction occurred in order to be sufficient; a charge simply reciting the language of the statute is insufficient. According to defendant, Barajas's "authorized act" could not be inferred from the charging instrument in this case because the indictment did not state any specific acts that Barajas was engaged in at the time of the incident.

¶ 17    Defendant is correct that, in *Stoudt*, the court found that a charge of obstructing a peace officer is insufficient if the allegations in the charge simply recite the language of the statute. *Stoudt*, 198 Ill. App. 3d at 128. In *Stoudt*, however, the defendant filed a pretrial motion to dismiss the complaint for failure to state an offense. *Id.* at 125. The question in *Stoudt* was thus "whether the charging instrument complied with the requisites of section 111-3 of the Code [of Criminal Procedure]." *Id.* at 126. That provision requires that the charging instrument " '[s]et[ ] forth the nature and elements of the offense charged.' " *Id.* (quoting Ill. Rev. Stat. 1987, ch. 38, ¶ 111-3(a)(3)). The State must strictly comply with the requirements of section 111-3 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/111-3 (West 1990))

when a defendant challenges a charging instrument before trial. *People v. Thingvold*, 145 Ill. 2d 441, 448 (1991). The *Stoudt* court thus found that, because the resisting or obstructing a peace officer statute is written in general terms, a charging instrument must "contain sufficient allegations of the authorized act the officer was performing" to strictly comply with section 111-3. *Stoudt*, 198 Ill. App. 3d at 128.

¶ 18    This case presents a different inquiry. At issue here is not whether the indictment alleged sufficient facts under section 111-3 of the Code of Criminal Procedure. Instead, the question is whether, under the due process clause, the allegations of the indictment stated a "broad foundation or main outline" of the offense of obstructing a peace officer such that defendant was put on notice of the possibility that he could be convicted of that lesser offense. (Internal quotation marks omitted.) *Kolton*, 219 Ill. 2d at 361. The indictment did not have to plead with specificity the facts supporting each element of obstructing a peace officer; it simply had to plead facts from which the statutory elements of the offense of obstructing a peace officer could be reasonably inferred. *Id.* at 364, 367. The allegation that Barajas was "performing his official duties" was sufficient to notify the defendant of the element that the officer be engaged in an "authorized act within his [or her] official capacity." 720 ILCS 5/31-1(a) (West 2012).

¶ 19    Defendant has not identified any acts that would constitute "official duties" that would not also constitute "authorized act[s] within [Barajas's] official capacity." 720 ILCS 5/31-1(a) (West 2012); *cf. People v. Baldwin*, 199 Ill. 2d 1, 10 (2002) (finding that a charge alleging that the defendant "used force" did not form a broad outline of the offense of aggravated unlawful restraint because the allegation "could imply a myriad of acts that do not necessarily include unlawful restraint" (internal quotation marks omitted)). The allegation that Barajas "was performing his official duties" necessarily implied that he was performing authorized acts within his official capacity. See *People v. Pickett*, 34 Ill. App. 3d 590, 597 (1975) (finding that an allegation that the defendant kicked a police officer "in the performance of duties" necessarily "presupposed the officer was performing authorized acts" (internal quotation marks omitted)). The "authorized act" element of obstructing a peace officer may thus be reasonably inferred from the allegation that Barajas was "performing his official duties." 720 ILCS 5/31-1(a) (West 2012). We conclude that the indictment formed a main outline of obstructing a peace officer under the first step of the charging instrument approach.

¶ 20    Turning to the second step of the charging instrument approach, defendant does not contest that the evidence at trial "rationally support[ed] a conviction on the lesser offense." *Kolton*, 219 Ill. 2d at 361. The only evidence at trial came from correctional officer Barajas, who testified that, as he was placing defendant in leg irons in the waiting room of the Cook County jail hospital, defendant kicked him in the back three times. This evidence rationally supports a finding that defendant "knowingly *** obstruct[ed] the performance by one known to the [defendant] to be a *** correctional institution employee of any authorized act within his [or her] official capacity." 720 ILCS 5/31-1(a) (West 2012); see *People v. Fuller*, 159 Ill. App. 3d 441, 445 (1987) (evidence that defendant kicked a police officer from behind as the officer tried to arrest him was sufficient to prove the defendant resisted or obstructed a peace officer). We find, therefore, that the second step of the charging instrument approach was satisfied in this case.

¶ 21    As the charging instrument's allegations formed a main outline of the statutory elements of obstructing a peace officer, and the evidence at trial rationally supported a conviction for that offense, obstructing a peace officer was a lesser-included offense of aggravated battery in this

case. Defendant's conviction for that offense does not offend due process and he cannot establish plain error resulting from his conviction. We affirm defendant's conviction.

¶ 22                                  III. CONCLUSION
¶ 23        For the reasons stated, we affirm defendant's conviction for obstructing a peace officer.

¶ 24        Affirmed.